# EXHIBIT A

**IN THE COUNTY COURT OF THE SECOND JUDICIAL CIRCUIT**
**IN AND FOR WAKULLA COUNTY FLORIDA**
**CIVIL DIVISION**

**KATY WHITE,**

      **Plaintiff,**                                          **CASE NO. 24-CC-32**

**v.**

                                              **JURY TRIAL DEMANDED**

**ENVISION CREDIT UNION,**
**EQUIFAX INFORMATION SERVICES,**
**LLC, EXPERIAN INFORMATION**
**SOLUTIONS, INC., and**
**TRANSUNION, LLC,**

      **Defendants.**
_____/

## COMPLAINT

      Plaintiff, Katy White ("Plaintiff" or "Mrs. White"), by and through the undersigned attorney, hereby files the following *Complaint* against Envision Credit Union ("Envision"), Equifax Information Services, LLC, ("Equifax"), Experian Information Solutions, Inc., ("Experian") and TransUnion, LLC, ("TransUnion), (collectively "Defendants"), and states as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for violations of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA") and breach of contract.

      2.    Envision is reporting improper and negative information to Plaintiff's credit reporting agencies.

      3.    By reporting improper and negative information to Plaintiff's credit reporting agencies, Envision is in breach of contract.

4.  Due to Defendants actions, Plaintiff's credit score has decreased and has negatively impacted her ability to make purchases and finance other goods.

5.  Plaintiff seeks damages, costs, and attorney's fees from Defendants for the above violations.

## JURISDICTION AND VENUE

6.  This is an action for damages not exceeding $50,000.00, exclusive of interest, attorney's fees, and court costs.

7.  Pursuant to Fla. Stat. § 26.012, and other applicable law, this Honorable Court has jurisdiction over each cause of action set forth herein.

8.  Venue is proper in Wakulla County, Florida, because the causes of action arose in Wakulla County, Florida.

## PARTIES

9.  Plaintiff, Katy White, is a natural person residing in Wakulla County, Florida, where the causes of action arose, and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

10.  Defendant, Envision Credit Union, is a non-for-profit corporation, is headquartered in Tallahassee, Florida, does business in the State of Florida, and is a "creditor," as that term is defined by Fla. Stat. § 559.55(5).

11.  Defendant, Equifax Information Services, is a foreign limited liability company, is a citizen of Fulton County, Georgia, is headquartered in Georgia, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, Equifax regularly engages in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681(f) to third parties.

12.     Equifax disburses such consumer reports to third parties of contract for monetary compensation.

13.     Defendant, Experian Information Solutions, is a foreign profit corporation, is a citizen of Orange County, California, is headquartered in California, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681(f) to third parties.

14.     Experian disburses such consumer reports to third parties of contract for monetary compensation.

15.     Defendant, TransUnion, is a foreign limited liability company, is a citizen of Cook County, Illinois, is headquartered in Illinois, does business in the State of Florida, and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681(f). Moreover, TransUnion regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. § 1681(f) to third parties.

16.     TransUnion disburses such consumer reports to third parties of contract for monetary compensation.

17.     The conduct of Defendants was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or they knew in advance that Defendants were likely to conduct itself, and allowed them to so act, with conscious disregard of the rights and

safety of others.  The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission, and authorization of Defendants.

### FACTUAL ALLEGATIONS

18.     Plaintiff was alleged to owe Envision a debt (the "Alleged Debt").

19.     The Alleged Debt stems from transactions primarily for personal, family, or household purposes, and is therefore a "debt," as that term is defined by Fla. Stat. § 559.55(6). Namely, the Alleged Debt resulted from Plaintiff's outstanding balance on her personal accounts with Envision, including a line of credit.

20.     There was a prior dispute regarding Plaintiff's accounts.   In approximately September 2023, Plaintiff and Defendant entered into a Settlement Agreement[1] (the "Agreement"), and the matter was resolved.

21.     Envision improperly reports that Plaintiff made late payments toward her Envision Accounts prior to August 2023.

22.     Moreover, Envision is in breach of the Agreement by improperly reporting to Plaintiff's credit reporting agencies that Plaintiff made late payments toward her Envision Accounts prior to August 2023.

23.     On or about November 20, 2023, Plaintiff sent a dispute letter to Envision disputing the validity and accurateness of Envision's Account.  A copy of Plaintiff's dispute letter is attached hereto as **Exhibit A**.

---

[1] The terms, facts, and amount of the Settlement Agreement are confidential.  A copy of the Settlement Agreement can be supplemented to this Complaint if compelled by the Court.

24.     On or about December 6, 2023, Envision responded to Plaintiff's dispute letter (**Exhibit A**) and acknowledged that there was an error as to the information on her credit file.  A copy of Envision's response to Plaintiff is attached hereto as **Exhibit B**.

25.     Despite acknowledging that there was an error, Envision continued improperly reporting information to Plaintiff's credit reporting agencies.

26.     Equifax improperly reports that Plaintiff made late payments toward her Envision Accounts.

27.     On or about November 20, 2023, Plaintiff sent a dispute letter to Equifax disputing the validity and accurateness of Envision's Account.  A copy of Plaintiff's dispute letter is attached hereto as **Exhibit C**.

28.     Envision reported improper information to Equifax by reporting that Plaintiff made late payments on her Envision Accounts prior to August 2023.

29.      Upon information and belief, Equifax failed to acknowledge or respond to Plaintiff's dispute letter (**Exhibit C**).  Moreover, Equifax failed to take any further steps to investigate Plaintiff's dispute letter.

30.     Equifax has continued to include this improper reporting of late payments on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

31.     Plaintiff's harm and/or damages is ongoing as Equifax has failed to correct the improper information on her credit report.

32.     Experian improperly reports that Plaintiff made late payments toward her Envision Accounts.

33.     On or about November 20, 2023, Plaintiff sent a dispute letter to Experian disputing the validity and accurateness of Envision's Account.  A copy of Plaintiff's dispute letter is attached hereto as **Exhibit D**.

34.     Envision reported improper information to Experian by reporting that Plaintiff made late payments on her Envision Accounts prior to August 2023.

35.     Upon information and belief, Experian failed to acknowledge or respond to Plaintiff's dispute letter (**Exhibit D**).  Moreover, Experian failed to take any further steps to investigate Plaintiff's dispute letter.

36.     Experian has continued to include this improper reporting of late payments on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

37.     Plaintiff's harm and/or damages is ongoing as Experian has failed to correct the improper information on her credit report.

38.     TransUnion improperly reports that Plaintiff made late payments toward her Envision Accounts.

39.     On or about November 20, 2023, Plaintiff sent a dispute letter to TransUnion disputing the validity and accurateness of Envision's account.  A copy of Plaintiff's dispute letter is attached hereto as **Exhibit E**.

40.     Envision reported improper information to TransUnion by reporting that Plaintiff made late payments on her Envision Accounts prior to August 2023.

41.     Upon information and belief, TransUnion failed to acknowledge or respond to Plaintiff's dispute letter (**Exhibit E**).  Moreover, TransUnion failed to take any further steps to investigate Plaintiff's dispute letter.

42.     TransUnion has continued to include this improper reporting of late payments on Plaintiff's consumer report and have included such on any publications of Plaintiff's consumer report.

43.     Plaintiff's harm and/or damages is ongoing as TransUnion has failed to correct the improper information on her credit report.

44.     Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit credentials.

45.     Specifically, Plaintiff applied for a small business loan and was denied based on Envision's improper and negative reporting to Plaintiff's credit reporting agencies.  Moreover, Plaintiff is planning to finance and purchase a property, but she has been delayed based on Envision's breach of the Agreement.

46.     Plaintiff's damages pursuant to the FCRA and Envision's breach of the Agreement have continued and are continuing as of the filing of this *Complaint*.

47.     As described below, Defendants' conduct constitutes violations of the FCRA as referenced above, because Defendants' improper reporting of late payments continues to damage Plaintiff and hurt her ability to acquire property due to her diminished credit worthiness.

48.     Moreover, as described below, Envision's conduct constitutes a breach of contract as referenced above, because Envision failed to comply with the terms set forth within the Agreement.  As a result of Defendants' conduct, Plaintiff suffered lost time, stress and frustration.

## COUNT I

## VIOLATION OF THE FCRA BY EQUIFAX

49.     This is an action against Equifax for violation of 15 U.S.C. §1681e(b).

50.     Plaintiff re-alleges and reincorporates paragraphs 1 through 48, as if fully set forth herein.

51.     Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

52.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

53.     In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

54.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Equifax has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

## VIOLATION OF THE FCRA BY EQUIFAX

55.     This is an action against Equifax for violation of 15 U.S.C. §1681i.

56.     Plaintiff re-alleges and reincorporates paragraphs 1 through 48, as if fully set forth herein.

57.     Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful

reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

58.     As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

59.     In the alternative, Equifax was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

60.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Equifax has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT III

## VIOLATION OF THE FCRA BY EXPERIAN

61.     This is an action against Experian for violation of 15 U.S.C. §1681e(b).

62.     Plaintiff re-alleges and reincorporates paragraphs 1 through 48, as if fully set forth herein.

63.     Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

64.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

65.     In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

66.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Experian has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT IV

## VIOLATION OF THE FCRA BY EXPERIAN

67.     This is an action against Experian for violation of 15 U.S.C. §1681i.

68.     Plaintiff re-alleges and reincorporates paragraphs 1 through 48, as if fully set forth herein.

69.     Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

70.    As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

71.    In the alternative, Experian was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

72.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Experian has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT V

## VIOLATION OF THE FCRA BY TRANSUNION

73.    This is an action against TransUnion for violation of 15 U.S.C. §1681e(b).

74.    Plaintiff re-alleges and reincorporates paragraphs 1 through 48, as if fully set forth herein.

75.    TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

76.    As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

77.     In the alternative, TransUnion was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

78.     Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that TransUnion has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT VI

## VIOLATION OF THE FCRA BY TRANSUNION

79.     This is an action against TransUnion for violation of 15 U.S.C. §1681i.

80.     Plaintiff re-alleges and reincorporates paragraphs 1 through 48, as if fully set forth herein.

81.     TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures to which to filer and verify disputed information in Plaintiff's credit file, and by relying upon verification from a source it knows to be unreliable.

82.     As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

83.     In the alternative, TransUnion was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

84.     Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that TransUnion has violated the FCRA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

<u>**COUNT VII**</u>

<u>**VIOLATION OF THE FCRA BY ENVISION**</u>

85.     This is an action against Envision for violation of 15 U.S.C. §1681s-2(b).

86.     Plaintiff re-alleges and reincorporates paragraphs 1 through 48, as if fully set forth herein.

87.     Envision violated 15 U.S.C. §1681s-2(b) by continuing to report inaccurate information after notice and confirmation of those errors.

88.     As a result of this conduct, action and inaction of Envision, Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

89.     In the alternative, Envision was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. §1681o.

90.     Plaintiff is entitled to recover costs and attorney's fees from Envision in an amount to be determined by this Honorable Court pursuant to 15 U.S.C. §1681n and or §1681o.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a judgment in Plaintiff's favor finding that Envision has violated the FCRA; awarding Plaintiff actual damages,

statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT VIII

## BREACH OF CONTRACT BY ENVISION

91.    This is an action against Envision for breach of contract.

92.    Plaintiff reasserts and incorporates paragraphs 1 through 48, as if fully set forth herein.

93.    Plaintiff entered into a valid and enforceable contract with Envision.

94.    Envision initially complied with the terms of the contract, however, later breached the contract by reporting improper and negative information to Plaintiff's credit reporting agencies.

95.    As a direct and proximate result of Envision's breach, Plaintiff suffered by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit credentials.

96.    Specifically, Plaintiff applied for a small business loan and was denied based on Envision's improper and negative reporting to Plaintiff's credit reporting agencies.  Moreover, Plaintiff is planning to finance and purchase a property, but she has been delayed based on Envision's breach.

97.    All conditions precedent to this suit have been performed, excused or waived.

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Envision finding that Envision breached the contract, awarding Plaintiff actual damages, plus pre-judgment and post-judgment interest, attorneys' fees and costs, and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend.

7 and Fla. R. Civ. Pro. 1.430.

Dated: March 25, 2024                              Respectfully Submitted,

**SHRADER, MENDEZ & O'CONNELL**
612 W. Bay Street
Tampa, Florida 33606
Phone:  (813) 360-1530
Fax:     (813) 336-0832

/s/ Brian L. Shrader
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@shraderlawfirm.com
**ALEJANDRO J. MENDEZ, ESQ.**
Florida Bar No. 1025247
e-mail: amendez@shraderlawfirm.com
**KELLIE N. O'CONNELL, ESQ.**
Florida Bar No. 1030942
e-mail: koconnell@shraderlawfirm.com
*Attorneys for Plaintiff*



Exhibit A

Katy White
167 Ann Cir
Crawfordville, FL 32327

November__, 2023

Envision Credit Union
Attn: Legal Department
440 N. Monroe Street
Tallahassee, FL 32314

        **RE:  Katy White v. Envision Credit Union, Credit Reporting Dispute**

Dear Sir or Madam,

        I am writing to dispute the following information in my file.

        Envision Credit Union ("Envision") is reporting inaccurate information on my credit report as both accurate and valid to credit reporting agencies.  Specifically, Envision is inaccurately reporting late payments made to my Envision Credit Union Account. Notably, Envision agreed to remove the delinquencies from my credit report, but Envision is still reporting them. ██████ ████████████████████████████ Envision is also in violation of 15 U.S.C. § 1681 et seq., the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the information furnished to consumer reporting agencies.

        Therefore, please reinvestigate this matter and delete the inaccuracies within 30 days.

        Thank you for your prompt attention to this matter.

Sincerely,

*Katy White*

Katy White

# Exhibit B



Box 5504
Tallahassee, FL 32314
p 850 942 9000
tf 800 824 3894
f 850 942 9547
www.EnvisionCU.com

December 6, 2023

Ms. Katy White
167 Ann Cir
Crawfordville, FL 32327

RE:  Jeremy White v. Envision Credit Union, *Credit Reporting Dispute*

Dear Ms. White-

Thank you for reaching out regarding your Envision Credit Union account.

In response to your letter to Envision Credit Union dated November 20, 2023, we are writing to inform you that we have corrected the inaccurate information on your credit file. This was due to inaccurate transmission of information to the actual credit bureaus when this was initially corrected earlier this year.

Please be assured, we will follow up next month to make sure that the information on your credit bureau is still correct. We apologize for the inconvenience. Thank you for your membership.

Regards,

Jason McCranie, VP Lending
Envision Credit Union

*Supporting Education Since 1954*

# Exhibit C

Katy White
167 Ann Cir
Crawfordville, FL 32327

November__, 2023

Complaint Department
Equifax Information Services, LLC
P.O. Box 7404256
Atlanta, GA 30374

   **Re:**  **Equifax Information Services, LLC Dispute**

Dear Sir or Madam:

  I am writing to dispute the following information in my file.

  Equifax Information Services, LLC ("Equifax") is reporting inaccurate information on my credit report as both accurate and valid relating to my Envision Credit Union account. Specifically, Equifax is inaccurately reporting late payments made to my Envision Credit Union Account. Notably, Envision Credit Union agreed to remove the delinquencies from my credit report, but Equifax is still reporting them. Equifax is in violation of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report.

  Therefore, please reinvestigate this matter and delete the account within 30 days.

  Thank you for your prompt attention to this matter.

Sincerely,

*Katy White*

**Katy White**



# Exhibit D

Katy White
167 Ann Cir
Crawfordville, FL 32327

November__, 2023

Dispute Department
Experian, PLC
P.O. Box 9701
Allen, TX 75013

      **Re:**   **Experian, PLC Dispute**

Dear Sir or Madam:

      I am writing to dispute the following information in my file.

      Experian, PLC ("Experian") is reporting inaccurate information on my credit report as both accurate and valid relating to my Envision Credit Union account. Specifically, Experian is inaccurately reporting late payments made to my Envision Credit Union Account. Notably, Envision Credit Union agreed to remove the delinquencies from my credit report, but Experian is still reporting them. Experian is in violation of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report.

      Therefore, please reinvestigate this matter and delete the account within 30 days.

      Thank you for your prompt attention to this matter.

Sincerely,

*Katy White*

**Katy White**



# Exhibit E

Katy White
167 Ann Cir
Crawfordville, FL 32327

November__, 2023

Consumer Solutions
TransUnion, LLC
P.O. Box 2000
Chester, PA 19022

      **Re:**   **TransUnion, LLC Dispute**

Dear Sir or Madam:

     I am writing to dispute the following information in my file.

     TransUnion, LLC ("TransUnion") is reporting inaccurate information on my credit report as both accurate and valid relating to my Envision Credit Union account. Specifically, TransUnion is inaccurately reporting late payments made to my Envision Credit Union Account. Notably, Envision Credit Union agreed to remove the delinquencies from my credit report, but TransUnion is still reporting them. TransUnion is in violation of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA"), for failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of the credit report.

     Therefore, please reinvestigate this matter and delete the account within 30 days.

     Thank you for your prompt attention to this matter.


Sincerely,

**Katy White**